Mary C. Merrifield, Defendant in Error, v. Western Cottage Piano & Organ Company et al., Plaintiffs in Error.

Gen. No. 4,961.

1. Executions—*effect of restraining as to one defendant.* An execution, the enforcement of which is restrained as to one defendant, may be executed as to the remainder, in which case the execution runs against all defendants named in the judgment including the one against whom its enforcement is restrained.

2. Amendments and jeofails—*when execution may be amended.* An execution may be amended provided there is that in the judgment by which to amend.

Assumpsit. Error to the Circuit Court of LaSalle county; the Hon. Edgar Eldredge, Judge, presiding. Heard in this court at the April term, 1908. Affirmed. Opinion filed October 14, 1908.

**Statement by the Court.** On January 18, 1907, the Western Cottage Piano and Organ Company (hereinafter described as the company) executed three notes for $5000 each, payable four months after date to the order of W. T. Rickards & Co. Each of the notes was indorsed by L. W. Merrifield and T. W. Burrows. On May 24, 1907, a similar note for $5000 was made with the same indorsers. The four notes were indorsed without recourse to Mary C. Merrifield by W. T. Rickards & Co. Mary C. Merrifield brought suit in assumpsit to the June term of the Circuit Court of LaSalle county on these notes, so indorsed to her, against the maker and also against the indorsers, whom she declared against as guarantors. Summons was duly served ten days prior to said term on all the defendants. On the 21st of June the defendants were defaulted and judgment rendered against all of them for $20,084.49. On the 29th day of June the defendant, Burrows, made a motion to set aside the default and open up the judgment and for leave to plead. The court on hearing the motion made an order "that execution herein be and the

same is hereby restrained, grants leave to said defendant to plead and orders that the judgment entered herein stand as security for the debt.'' The defendant Burrows filed a plea of the general issue with notice of special matters intended to be relied on, and filed with his plea and notice, an affidavit that he had a good defense upon the merits and that his defense is particularly set forth in the notice of special matters relied on. On the 22nd of October at the October term, counsel for Burrows gave notice that on the next day they would ask for leave to file an additional plea for Burrows and also ask leave to file a plea for the defendant company, but the record does not show any such motion was ever made on behalf of defendant company. On October 23rd the defendant Burrows moved for leave to withdraw the notice under the general issue and for leave to file special pleas. This motion was granted. Thereupon the defendant Burrows filed three special pleas and the plaintiff filed a replication concluding with a verification. The record does not show that the pleading was closed. On February 8, 1908, an execution was issued on this judgment against the company and L. W. Merrifield to the sheriff of La-Salle county. On February 11, at the January term, the attorneys for T. W. Burrows, professing to act in the name of the company, made a motion to recall and quash the execution, and the plaintiff made a cross motion to set aside the order ''entered herein on June 29, 1907, setting aside the default as to the defendant T. W. Burrows, opening up the judgment and granting leave to said defendant to plead.'' On February 18, the court sustained the motion made by defendant in error, ''to vacate order setting aside default as to T. W. Burrows'' and ''overrules the motion to recall the execution made by the company.'' The defendant, Burrows, excepted to this order and prayed an appeal therefrom. Thereafter on February 25, the plaintiff moved the court to amend the execution so as to make

it conform to the judgment by inserting the name of
T. W. Burrows.  This motion the court allowed and
ordered that the execution be amended by inserting
the name of the defendant Burrows.  The defendant
Burrows excepted to this order.

This case is in this court by virtue of two writs of
error sued out by the plaintiff in error, T. W. Burrows,
and which were consolidated in this court on his mo-
tion.  One of these writs of error is in Gen. No. 4968,
sued out to reverse the order of February 18 vacating
the order permitting Burrows to plead.  The other
is in Gen. No. 4961, sued out to reverse the order of
February 25, directing the amendment of the execu-
tion.  We originally filed an opinion covering the entire
case as consolidated.  Since that opinion was filed
plaintiff in error has practically abandoned the con-
solidation by appealing No. 4961 to the Supreme Court
and by petitioning for a rehearing in No. 4968.  It
therefore becomes necessary to sever the opinion. That
part of the opinion which relates to No. 4961 is as fol-
lows:

JARVIS R. BURROWS, EDDY, HALEY & WETTEN and
BUTTERS, ARMSTRONG & FERGUSON, for plaintiffs in er-
ror; P. C. HALEY, of counsel.

McDOUGALL & CHAPMAN, for defendant in error.

MR. PRESIDING JUSTICE THOMPSON delivered the opin-
ion of the court.

There was no order restraining execution as to any
of the defendants except Burrows.  The execution was
restrained on his motion, and the order did not inter-
fere with proceeding under the execution against the
other defendants.  An execution must follow the judg-
ment and appear to be against all the defendants, not-
withstanding for some cause no levy can be made on
the property of some.  Freeman on Executions, sec. 42.
Where an execution is stayed as to one defendant it

may be enforced against the others. Sheetz v. Win-
koop, 74 Penn. St. 198.

Upon the question presented concerning the issuing
and amendment of the execution, the following con-
siderations appear to us to control. Burrows could
only appear and defend for himself. The other defend-
ants did not claim that this debt had been paid, or that
they did not owe it. Although Burrows, who was ap-
parently a mere guarantor on the note, obtained leave
to plead, he had no right to prevent plaintiff from col-
lecting the judgment against the other defendants. It
was proper to overrule the motion of Burrows to
recall the execution as against the other defend-
ants. An execution ought to conform to the judg-
ment, and the execution as originally issued omitted
the name of Thomas W. Burrows, a defendant against
whom the judgment still stood. There was there-
fore an informality in the execution. An execution
can be amended, provided there is that in the judg-
ment by which to amend. Revised Statutes, Chap.
7, "Amendments and Jeofails"; Bybee v. Ashby, 2
Gilm. 151, 166, where common law authorities are cited;
Lewis v. Lindley, 28 Ill. 147; Durham v. Heaton, 28
Ill. 264; McCormick v. Wheeler, 36 Ill. 114; Bissell v.
Kip, 5 Johns. 89, where it was held that the execution
could be amended where there was something to amend
by, namely, the judgment. We are of opinion that in
view of the fact that there were two other defendants
who were not claiming a defense nor resisting the col-
lection of the judgment, the original order should have
permitted an execution to issue against all the defend-
ants upon the face of the judgment, and should have
only stayed the collection of the execution as against
Thomas W. Burrows. The order of the January term,
1908, permitting the amendment by inserting the name
of Burrows in the execution was practically a modifi-
cation of the former order, and it is therefore affirmed.
The court should, however, upon again repossessing

itself of the case, enter an order that the execution be not collected as against Thomas W. Burrows till the further order of the court.

The order in No. 4961, allowing the amendment of the execution, is therefore affirmed.

*Affirmed.*